**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02308-RPM

PAUL D. McKINNIS and DALRIADA ENTERPRISES LLC, a Georgia corporation,

Plaintiffs,

v.

FITNESS TOGETHER FRANCHISE CORPORATION, an Arizona corporation,

Defendant.

## ANSWER

Defendant Fitness Together Franchise Corporation ("FT" or "Fitness Together"), through its attorneys, respectfully submits its Answer to Plaintiffs' Complaint and states as follows:

### NATURE OF THE ACTION

1. Defendant admits Plaintiffs seek declaratory relief, rescission, and damages. Defendant states that Plaintiffs' claims regarding DC Master Franchise Territory and the Right of First Refusal have been withdrawn or dismissed. Defendant denies all remaining allegations and denies that Plaintiffs are entitled to any relief.

2. This paragraph relates to a claim which has been dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies the allegations of this paragraph.

3. This paragraph relates to a claim which has been withdrawn by Plaintiffs and dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies the allegations of this paragraph.

4.     Defendant admits Plaintiffs seek rescission and restitution. Defendant denies all remaining allegations and denies that Plaintiffs are entitled to any relief.

## PARTIES

5.     Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies the same.

6.     Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations and on that basis denies the same.

7.     Admit.

8.     Admit.

## VENUE

9.     Defendant admits FT has its principal place of business in this judicial district, that the Master Franchise Agreements require that disputes be litigated in Denver, Colorado, and that venue is proper in this judicial district. Defendant denies all remaining allegations.

## JURISDICTION

10.    This paragraph relates to claims which have been dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies the allegations of this paragraph.

11.    Defendant admits this Court has diversity jurisdiction. Defendant denies Plaintiffs are entitled to any relief.

## GENERAL ALLEGATIONS

**I.     Pertinent Agreements**

12.    Admit, with the qualification that the "DC Agreement" is a written agreement

encompassing more terms than those generally characterized in this paragraph. The characterization is denied to the extent it is inconsistent therewith.

13. Admit, with the qualification that the "Maryland Agreement" is a written agreement encompassing more terms than those generally characterized in this paragraph. The characterization is denied to the extent it is inconsistent therewith.

14. It is admitted that on or about May 10, 2005, McKinnis and Fitness For Life executed Addenda to the DC Agreement and Maryland Agreement. The Addenda are writings and the quote, while accurate, is only a portion of the Addenda and the allegations are denied to the extent they are inconsistent with the entire contract.

15. Admit.

16. Admit.

17. Admit.

18. These allegations constitute conclusions of law to which no response is required. It is denied that Addenda are separate contracts.

19. Admit, with the qualification that said agreements are writings encompassing more terms than just those characterized in this paragraph. The characterizations are denied to the extent it is inconsistent therewith.

20. Admit, with the qualification that said agreements are writings encompassing more terms than just those characterized in this paragraph. The characterizations are denied to the extent it is inconsistent therewith.

21. Paragraph 21 calls for a legal conclusion to which no answer is necessary. To the extent an answer is required, Defendant denies the allegations of paragraph 21.

## II. The Virginia FT Master Franchise Territory

22. Paragraphs 22-45 relate to claims which have been dismissed by the Court. Therefore, no answers are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## III. The Washington, DC FT Master Franchise Territory

46. Paragraphs 46-55 relate to claims which have been dismissed. Therefore, no answers are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## IV. The Georgia FT Master Franchise Territory

56. Admit.

57. Admit.

58. Defendant admits Dalriada did not execute a separate Master Franchise Agreement in connection with the March 2009 sale. Defendant states Dalriada agreed to execute an Addenda to an existing Master Franchise Agreement to memorialize the parties' agreement regarding the new territory and terms added to Dalriada's D.C. master franchise in March, 2009.

59. It is admitted that the parties signed an Addendum to the DC Master Franchise Agreement, which is a writing and the characterization is generally admitted with the qualification that the writing contains many terms and speaks for itself.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admit.

65. Admit, with qualification that the Addendum is a writing encompassing more terms than just those generally characterized in this paragraph. The characterization is denied to the extent it is inconsistent therewith.

66. The allegations of this paragraph constitute legal conclusions or are too vague to warrant a specific response.

67. The Georgia Agreement is a writing that speaks for itself and the characterizations and descriptions are denied to the extent inconsistent therewith.

68. Paragraph 68 calls for a legal conclusion to which no answer is necessary. To the extent an answer is required, Defendant denies the allegations of paragraph 68.

69. Defendant admits Dalriada did not receive an Area Director FDD in connection with the March 2009 sale. Defendant denies the remaining allegations of paragraph 69.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

75. Plaintiffs' First Cause of Action was dismissed by the Court. Therefore, no answers to paragraphs 75-78 are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## SECOND CAUSE OF ACTION
### (Breach of Contract and Breach of Implied Covenant of
### Good Faith and Fair Dealing – 2005 Addenda)

79. Plaintiffs' Second Cause of Action was dismissed by the Court. Therefore, no answers to paragraphs 79-89 are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## THIRD CAUSE OF ACTION
### (Breach of Contract and Breach of Implied Covenant of
### of Good Faith and Fair Dealing – DC Agreement)

90. After Plaintiffs moved to voluntarily dismiss their Third Cause of Action, the Court deemed Plaintiffs' motion to be an amendment of right under Fed. R. Civ. P. 15(a)(1) and it has either been dismissed or withdrawn. Therefore, Plaintiffs' Third Cause of Action is no longer part of the Complaint and no answers to paragraphs 90-99 are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## FOURTH CAUSE OF ACTION
### (Negligence Misrepresentation Causing
### Financial Loss in a Business Transaction)

100. After Plaintiffs moved to voluntarily dismiss their Fourth Cause of Action, the Court deemed Plaintiffs' motion to be an amendment of right under Fed. R. Civ. P. 15(a)(1) and it has either been dismissed or withdrawn. Therefore, Plaintiffs' Fourth Cause of Action is no longer part of the Complaint and no answers to paragraphs 100-107 are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

## FIFTH CAUSE OF ACTION
### (Fraud in the Inducement – Georgia Agreement)

108. In response to paragraph 108 Defendant incorporates by reference its answers to paragraphs 1-107.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Defendant lacks sufficient information to admit or deny the allegations in paragraph 113 regarding what Dalriada relied upon, and therefore denies the same. The remaining allegations are denied.

114. Denied.

### SIXTH CAUSE OF ACTION
### (Violation of Georgia Fair Business Practices
### Act – Georgia Agreement)

115. After Plaintiffs moved to voluntarily dismiss their Sixth Cause of Action, the Court deemed Plaintiffs' motion to be an amendment of right under Fed. R. Civ. P. 15(a)(1) and it has either been dismissed or withdrawn. Therefore, Plaintiffs' Sixth Cause of Action is no longer part of the Complaint and no answers to paragraphs 115-121 are necessary. To the extent answers are required, Defendant denies the allegations of these paragraphs.

### PRAYER FOR RELIEF

1. Defendant hereby submits its Answer to the Complaint pursuant to the Court's Order of December 6, 2010.

2. This paragraph relates to claims which have been dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any relief and denies the allegations of this paragraph.

3. This paragraph relates to claims which have been withdrawn by Plaintiffs or

dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any relief and denies the allegations of this paragraph.

4. Defendant denies that Plaintiffs are entitled to any relief and denies the allegations of this paragraph.

5. This paragraph relates to claims which have been withdrawn or dismissed by the Court. Therefore, no answer is necessary. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any relief and denies the allegations of this paragraph.

6. Defendant denies that Plaintiffs are entitled to any relief and denies the allegations of this paragraph.

7. Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred in whole or in part by the terms of the Master Franchise Agreements.

2. Plaintiffs' claims are barred by the doctrines of merger and integration.

3. Plaintiffs' claims are barred by releases.

4. Plaintiffs' claims are barred by applicable statutes of limitations.

5. Plaintiffs' claims are barred by the contractual limitations period set forth in the Master Franchise Agreements.

6. Plaintiffs' claims are barred in whole or in part by FT's compliance with all of its disclosure obligations under applicable federal and/or state laws and regulations.

7. Plaintiffs' claims are barred because Plaintiffs could not reasonably have relied

upon the purported representations allegedly made by Defendant.

8. Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages, if any.

9. Plaintiffs' claims are barred in whole or party by the doctrine of waiver.

10. Plaintiffs' claims are barred in whole or in part by estoppel.

11. Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

12. Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

13. Plaintiffs' claims are barred in whole or in part by the doctrine of ratification.

14. Plaintiffs' claims are barred by Plaintiffs' unclean hands and lack of good faith.

15. Plaintiffs' claims are groundless, entitling FT to costs and fees.

16. Plaintiffs' damages, if any, are the proximate result of their own actions, omissions, or breaches.

17. Plaintiffs' damages, if any, were the result of acts and/or omissions of one or more third parties over whom Defendant has no control.

18. Defendant reserves the right to supplement its affirmative defenses as may be warranted.

WHEREFORE, Fitness Together respectfully requests that this Court enter an order dismissing all of Plaintiffs' claims with prejudice, awarding Fitness Together its costs and attorneys' fees incurred in defending this action, and any other relief the Court deems appropriate.

DATED this 28th day of December, 2010     Respectfully submitted,

**PERKINS COIE LLP**

*s/ Leonard H. MacPhee*
Leonard H. MacPhee
Jess A. Dance
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com
       jdance@perkinscoie.com

Attorneys for Defendant
Fitness Together Franchise Corporation

-11-

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Harold R. Bruno, III**
  hbruno@rwolaw.com

- **Eric H. Karp**
  ekarp@wkwrlaw.com

- **David J. Meretta**
  dmeretta@wkwrlaw.com

*s/ Leonard H. MacPhee*
Leonard H. MacPhee
Jess A. Dance
Attorneys for Defendant
Perkins Coie LLP
1899 Wynkoop Street, Suite 700
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com